# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JONATHAN M. RODRIGUEZ, ) <br> a.k.a. JONATHAN RODRIGUEZ, ) <br> #331997, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTHONY PADULA, WARDEN, ) <br> LEE CORRECTIONAL ) <br> INSTITUTION, ) <br> ) <br> Respondent. ) <br> _____) | CIVIL ACTION NO. 9:12-1875-RBH-BM <br><br> **REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on July 3, 2012.[1]

The Respondent filed a return and motion for summary judgment on September 24, 2012. As the Petitioner is proceeding pro se, a Roseboro order was filed on September 25, 2012, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on October 22, 2012.

This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all
(continued...)



1

**Procedural History**

Petitioner was indicted in Florence County in April 2008 for murder [Indictment No. 08-GS-21-839]. (R.pp. 53-54). Petitioner was represented by H. Lee Herron, Esquire, and entered a guilty plea on December 1, 2008, with a sentence recommendation of thirty (30) years. (R.pp. 1-15). Petitioner was thereafter sentenced to thirty (30) years imprisonment on the charge; (R.pp. 14, 55); and Petitioner did not appeal his conviction and/or sentence.

On September 15, 2009, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Rodriguez v. State of South Carolina, No. 2009-CP-21-2093. (R.pp. 16-22). Petitioner raised the following issues in his APCR:

**Ground One:** Ineffective Assistance of Counsel.

**Ground Two:** Withholding Evidence.

**Ground Three:** Witness tampering.

(R.p. 18).

Petitioner was represented in his APCR by Pheobe A. Clark, Esquire, and an evidentiary hearing was held on Petitioner's application on July 14, 2010. (R.pp. 28-46). In an order filed August 23, 2010, the PCR judge denied relief in its entirety. (R.pp. 47-52).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Lanelle Cantey Durant with the South Carolina Commission on Indigent Defense, who

---

(...continued)
pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



filed a Johnson[3] petition seeking to be relieved as counsel and raising the following issue:

> Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was knowingly, voluntarily and intelligently entered into?

See Court Docket No. 11-1, p. 3.

A pro se petition was subsequently also received by the South Carolina Supreme Court on April 11, 2011. See Court Docket No. 11-2. On February 23, 2012, the South Carolina Supreme Court granted counsel's petition to be relieved and denied Petitioner's petition for a writ of certiorari. See Court Docket No. 11-3. The Remittitur was sent down on March 13, 2012. See Court Docket No. 11-4.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds for relief:

**Ground One:** Voluntariness of Plea.

> In the month of October 2008, I was called for court to talk with Mr. Herron. The reason for my appearance at court was to work out a plea with the Solicitor. Mr. Herron told me he was going for voluntary manslaughter. After talking with the Solicitor, Mr. Herron advised me that the Solicitor's only plea deal was a statutory minimum of 30 years for murder and that (if) I refused to take it he was going to take the plea off the table and proceed to trial with me also receiving additional charges, those being Armed Robbery. During my PCR hearing, Mr. Herron denied this meeting, but I'm in possession of documentation that backs up my claim.

**Ground Two:** Not having copy of my plea.

> On the date of 12/1/08, I took a plea. I wasn't given a copy of my plea at the time after I signed off on it. Am in possession of documentation that back up this claim also.

**Ground Three:** Filing [PCR] without assistance of legal counsel.

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998).



3

>At the time of filing my post-conviction relief, I was not represented by any type of legal representation.

See Petition, pp. 6-7, 9.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[4] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4]Antiterrorism and Effective Death Penalty Act of 1996.



> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A).  Since Petitioner did not appeal his conviction or sentence, his state court convictions became final on December 11, 2008, ten (10) days after his guilty plea.  See SCACR Rule 203(b)(2); see also Crawley v. Catoe, 257 S.E.2d 395, 398 (4th Cir. 2001).  By the time Petitioner filed his APCR on September 15, 2009, two hundred and seventy-seven (277) days of non-tolled time had passed from when his conviction became final.  The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on March 13, 2012.  See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).  By the time Petitioner then filed his federal habeas petition on July 3, 2012, an additional one hundred and eleven (111) days had passed, for a total of three hundred and eighty-eight (388) days, placing Petitioner's federal habeas filing outside § 2244(d)1(A)'s one year limitations period.  Therefore, Petitioner failed to timely file

5



this federal petition, and he would ordinarily be barred from seeking federal relief. Harris, 209 F.3d at 327-328.

However, Petitioner asserts (while not otherwise contesting the untimeliness of the Petition) that he is entitled to some type of equitable tolling, and the United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230; see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, Petitioner asserts that he is entitled to equitable relief based on his legal material allegedly being confiscated on May 25, 2012, and because a riot allegedly occurred at the prison on June 5, 2012. However, Petitioner does not explain why he waited over nine (9) months to file his APCR, nor does he explain why or how the events at the prison, assuming they in fact occurred, prevented him from filing this habeas petition for almost four (4) months after the denial of his PCR appeal. Petitioner does not set forth or allege any actions that he took during this time to try to

6



pursue and/or protect his rights, or state how he was prevented from doing so. Marengo, 342 F.Supp.2d at 230 ["[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll."] (quoting Warren, 219 F.3d at 113).

Delays and/or restrictions on receipt and possession of paperwork and occasional lockdowns and other disruptions in living arrangements are, unfortunately, a part of prison life - but they do not in and of themselves constitute grounds for equitable tolling. Cf. Warren v. Kelly, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002)[concluding that transfers, solitary confinement, lock downs, restricted access to law library, and inability to secure court documents do not qualify as extraordinary circumstances for purposes of tolling the limitation period]; United States v. Cooper, No. 08-3090, 2012 WL 3860564 at * 3 (D.Neb. Sept. 5, 2012)[Finding Petitioner's § 2255 petition was not timely and he was not entitled to equitable tolling on the basis that he was being transferred from prison to prison due to his failure to show his due diligence while in the process of being transferred]; Coker v. Warden, Lee Correctional Institution, No. 11-1842, 2012 WL 3115856 (D.S.C. July 30, 2012)[Despite allegations of prison lock downs interfering with time to file his petition, petitioner was not entitled to equitable tolling based on his allegations]; see also Harris, 209 F.3d at 330-331 (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)([refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation]).  Petitioner has not shown that any extraordinary circumstances prevented him from timely filing his petition, and the undersigned is constrained to note that even when Petitioner filed his petition, he still alleged that he did not have copies of his legal papers [see Petition, pp. 7, 9, 10, 13].  Therefore, Petitioner has not shown why he could not have earlier filed his petition without those same papers, since he subsequently took that exact action.



Holland, 130 S.Ct. at 2562. Further, while Petitioner also complains about the conduct of his plea counsel, he is not entitled to have the time period restarted after the filing of his APCR. See Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

In sum, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]. Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



8

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 13, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

