IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jonathan M. Rodriguez, a/k/a Jonathan Rodriguez, # 331997, ) ) ) | Civil Action No.: 9:12-cv-01875-RBH |
| Petitioner, ) ) | |
| v.  ) ) | **ORDER** |
| Anthony Padula, Warden, Lee Correctional Institution, ) ) ) ) | |
| Respondent. ) ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on July 3, 2012. [§ 2254 Petition, Doc. # 1.] Petitioner is currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina.

On September 24, 2012, Respondent filed his motion for summary judgment, along with a return and memorandum in support. Because Petitioner is proceeding *pro se*, the magistrate judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on September 25, 2012, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. Petitioner filed a response in opposition to the summary judgment motion.

This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant[1] filed on March 13, 2013. In his R&R, the magistrate recommends that Respondent's Motion for summary Judgment be granted and the § 2254 Petition be dismissed. Petitioner timely filed objections to the R&R.

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

Petitions brought under § 2254 are subject to 28 U.S.C. § 2244(d)(1)'s one-year period of limitation. Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other

2

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner's objections do not appear to take issue with any specific finding in the R&R – Petitioner merely rehashes his initial arguments before the magistrate, simply states background facts or states the applicable law of the case. None of the objections offered by Petitioner meet the applicable standard set above as they contain no basis for the objections or contain no additional argument beyond what is found in Petitioner's pleadings. These issues were correctly addressed by the magistrate judge.

Nonetheless, out of an abundance of caution, and mindful of this Court's obligation to liberally construe *pro se* pleadings, this Court has nonetheless conducted a *de novo* review of the R&R and will briefly address Petitioner's objections. In addressing these objections, the Court notes that, as explained by the magistrate, Petitioner does not take issue with the magistrate's calculation of time: Petitioner's conviction became final on December 11, 2008; two hundred and seventy-seven

3

(277) days of non-tolled time had passed when Petitioner initiated his Post-Conviction Relief ("PCR") proceeding, which lasted from September 15, 2009, though March 13, 2012; and when Petitioner filed his § 2254 Petition on July 3, 2012, an additional one hundred and eleven (111) days of non-tolled time had passed, for a total of three hundred and eighty-eight (388) days.[2] As he claimed before the magistrate, Petitioner's objections center almost exclusively around his argument that he is entitled to equitable tolling.

Petitioner first appears to argue that his mail was tampered with and that various prison actions, including the confiscation of legal material and a prison riot, prevented him from filing a timely petition. [Obj., Doc. # 22, at 3–4.] However, other than arguing that such actions occurred, Petitioner does not set forth or allege any actions that he took during this time to try to pursue or protect his rights, or state how he was actually prevented from doing so.[3] Petitioner appears to argue that he filed various civil actions over the prison activity and that this showcases a diligent pursuit of his rights. Assuming such actions were filed, this actually showcases Petitioner's ability to make use of the legal system during this time period. Additionally, as the magistrate explained, the supposed absence of legal material could not have prevented Petitioner from filing his petition because when Petitioner filed his petition, he still alleged that he did not have copies of his legal papers. [*See* R&R, Doc. # 20, at 7.] Moreover, as he failed to do before the magistrate, Petitioner still does not explain why he waited over nine (9) months to file his PCR, nor does he explain why

---

[2] The magistrate discussed his time computation more fully in the R&R. [*See* R&R, Doc. # 20, at 5–6.]

[3] Petitioner also appears to argue that some of his lost mail might have contained advice as to the one-year limitations period. [Obj., Doc. # 22, at 3–4.] Other than this boldly speculative statement, Petitioner offers no basis for this argument. Further, Petitioner has not shown that this is one of the rare and exceptional circumstances preventing a prisoner from filing a timely petition. *See Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000).

4

or how the events at the prison, assuming they in fact occurred, prevented him from filing this habeas petition for almost four (4) months after the denial of his PCR appeal. In fact, when discussing the nine-month delay of his PCR filing in the objections, Petitioner merely states that he does not have to explain this delay. [Obj., Doc. # 22, at 3.][4]

Lastly, Petitioner attempts to argue that his efforts to file a timely petition were thwarted by the prison mail room because a mail room official initially returned his petition without mailing it. [*Id*. at 6.] As evidence, he attaches a supposed mail room form. [Form, Doc. # 22-1, at 3.] However, this supposed form shows that Petitioner's request was dated June 28, 2012. Petitioner's argument plainly fails. Even if this Court were to give Petitioner the benefit of the doubt and treat June 28, 2012, as the date he filed his § 2254 Petition, his total non-tolled time would still be more than three hundred and eighty days.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is

---

[4] To the extent Petitioner attempts to argue, as he did before the magistrate, that his one-year limitations period began running after his PCR was final, this is simply incorrect. *See Artuz v. Bennett*, 531 U.S. 4, 8–11 (2000) (holding that while state collateral review of a properly filed petition tolls the one year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review). Petitioner also attempts to invoke procedural filing rules that are applicable only to prisoners subject to capital sentences. [Obj., Doc. # 22, at 5.] Petitioner, who pled guilty to murder and received a thirty-year sentence, is not subject to capital punishment.

debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the magistrate judge, the Court hereby overrules all of Petitioner's objections and adopts the magistrate judge's R&R. Accordingly, Respondent's Motion for Summary Judgment [Doc. # 12] is **GRANTED** and the § 2254 Petition is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
August 20, 2013